UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian S. Charbonneau,

    Plaintiff,

v.                                                                                              Case No. 18-10112

Commissioner of Social Security,              Sean F. Cox
                                                                           United States District Court Judge

    Defendant.
_____/

**<u>ORDER ADOPTING
1/11/19 REPORT & RECOMMENDATION</u>**

Plaintiff Brian S. Charbonneau filed this action, challenging a final decision of the Commissioner of Social Security denying his application for Title II Disability Insurance Benefits ("DIB"). The matter was assigned to Magistrate Judge Patricia T. Morris for all pretrial proceedings.

The matter recently came before the magistrate judge on cross-motions for summary judgment. In a forty-nine page Report and Recommendation ("R&R") issued on January 11, 2019 (ECF No. 20), the magistrate judge recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the Commissioner's decision.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after

1

being served with a copy of the R&R. Plaintiff filed timely[1] objections to the R&R on February 1, 2019.

As his first objection, Plaintiff objects to the following statement by the magistrate judge, and her analysis of that case law: "I find *McCaig* and *Woelk* persuasive, as is *Gross* to the extent it recognizes there is no per se requirement that ALJs obtain medical opinions. At base, all three cases ask whether substantial evidence supports the RFC, though *Gross* appears to give greater force to the warning that ALJs should not meddle with raw medical data." (R&R at 34).

The magistrate judge extensively, and persuasively, analyzed the applicable case law in her R&R. (*See* R&R at 28-36). The Court concurs with that analysis and finds this first objection without merit.

Plaintiff next objects to the magistrate judge's conclusion that the ALJ did not err in giving limited weight to the treating physician's opinion, even though it was the only medical source statement directly opining on Plaintiff's limitations. (Objs. at 4).

Plaintiff made that same argument to the magistrate judge, who properly rejected it. The magistrate judge found that the ALJ gave sufficient reasons for giving Dr. Hasegawa's opinion little weight, and explained her reasons for doing so, including that: 1) his form statement suffered from internal defects, such as ignoring the spaces in the form for explaining her determinations, leaving her opinion conclusory; 2) the opinion lacked a basis in Plaintiff's own assertions or in the treatment notes; and 3) the record lacks corroborating evidence for the reaching and handling limitations. This Court concurs with the magistrate judge's analysis as it

---

[1]This Court granted Plaintiff's request for an extension of time to file objections, ruling that objections had to be filed by February 1, 2019. (*See* ECF No. 19).

relates to Dr. Hasegawa's opinions.

Finally, Plaintiff objects to the magistrate judge's finding that the "ALJ could reasonably conclude that Plaintiff's current position (marine sheriff deputy) despite being part-time, required him to move 'heavy' items weighing upwards of 50 pounds, well in excess of Dr. Hasegawa's estimate." (Objs at 8). Plaintiff claims the facts of this case do not support that opinion, stressing the limited amount of time that Plaintiff spent engaged in that work and in working for the U.S. Marshall's Office.

The magistrate judge, however, acknowledged that work was part time and infrequent, but nevertheless found such work can illuminate Plaintiff's lifting abilities and ability to engage in substantial gainful activity. It was not error to do so.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the January 11, 2019 R&R (ECF No. 20), and **ORDERS** that: 1) Plaintiff's summary judgment is **DENIED**; 2) Defendant's summary judgment is **GRANTED**; and 3) the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED**.

                                      s/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: February 27, 2019